UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FEDERAL DEPOSIT INSURANCE             MEMORANDUM AND ORDER
CORPORATION, in its capacity as
Receiver for NETBANK, FSB

        Plaintiff,                       CV 10-4249

    -against-                           (Wexler, J.)

LONG ISLAND APPRAISAL NETWORK,
INC., and LAURA CROMER,

        Defendants.
----------------------------------------------------------X

APPEARANCES:

Rudow Law Group, L.L.C.
By: William M. Rudow, Esq.
5603 Newbury Street
Baltimore, MD 21209
Attorneys for Plaintiff

David Samuel Julian Neufeld
Neufeld & O'Leary
230 Park Avenue
New York, NY 10169
Attorneys for Plaintiff

Babchik & Young, L.L.P.
By: Jack Babchik, Esq.
200 East Post Road, 2d Floor
White Plains, NY 10106
Attorney for Defendant Laura Cromer

Ralph A. Hummel, Esq.
137 Woodbury Road
Woodbury, NY 11797
Attorney for Defendant Long Island Appraisal Network, Inc.

WEXLER, District Judge:

       Plaintiff Federal Deposit Insurance Corporation ("FDIC" or "Plaintiff") brings this action

in its capacity as Receiver of Netbank, FSB ("Netbank") against defendants Long Island Appraisal Network, Inc. ("LIAN") and Laura Cromer ("Cromer"), an appraiser (collectively, the "Defendants") for negligence, negligent misrepresentation and breach of contract. Plaintiff moves for partial summary judgment to strike several the affirmative defenses raised by both Defendants.

Plaintiff's claims arise from a residential real estate appraisal conducted by Laura Cromer on behalf of LIAN (the "Appraisal"). The Appraisal was conducted as part of a mortgage loan made to Carmen Reyes and Balbina Reyes ("Borrowers") to refinance their property at 25 Amity Street, Patchogue, New York. The loan was funded on September 30, 2005 by Meritage Mortgage Corporation ("Lender"). See Defendant Cromer's Rule 56.1 Statement, Responses to Plaintiff's Alleged Undisputed Material. According to the Plaintiff, the Lender subsequently transferred its interest in the loan to Netbank, which was insured by the FDIC, and in September 2007, the FDIC was appointed as Netbank's Receiver. Plaintiff alleges it sold the loan on May 29, 2008 as part of a portfolio sale for 31% of the unpaid balance. See Plaintiff's Complaint, ¶¶ 6-12; 22. This action was filed on September 17, 2010.

The essence of Plaintiff's complaint is that the Appraisal conducted by Cromer on behalf of LIAN overvalued the property underlying the mortgage. Plaintiff claims that the underwriting standards for the loan mandated a "loan to value ratio" ("LTV") of 90%, meaning the amount of the loan could not be more than 90% of the appraised value of the property. Plaintiff brings these claims of negligence, negligent misrepresentation and breach of contract, claiming the Appraisal conducted by the Defendants negligently overvalued the property, violated the Uniform Standards of Professional Practice ("USPAP") standards, included various material

misrepresentations, upon which the Lender relied when evaluating the loan, and constituted a breach of contract, all damaging Plaintiff by forcing a sale at 31% of the loan amount.

Both Defendants deny Plaintiff's allegations, and assert various affirmative defenses. Defendant Cromer asserts, namely: that the Appraisal was subject to limiting conditions; Plaintiff failed to mitigate its damages; Plaintiff sold the mortgage for less than full consideration; Plaintiff is subject to the doctrines of unclean hands, waiver and/or estoppel; the loan was made in violation of rules, guidelines and standards for making loans at that time; the loan would have been made despite the Appraisal; FDIC came in as Receiver because Netbank made and accepted sub-par loans; Plaintiff engaged in contributory negligence; and, the action is barred by the statute of limitations.

Defendant LIAN asserts similar affirmative defenses, including: that there is no contract between Netbank and LIAN; if there is a contract, there is no claim for negligence; LIAN owed no duty to Netbank; the Appraisal did not proximately cause plaintiff's damages; the negligence claim is barred by the statute of limitations[1]; the Appraisal was subject to limiting conditions; Plaintiff failed to mitigate; and, LIAN is not liable for the acts of Cromer. Plaintiff moves for partial summary judgment that as a matter of law these eight affirmative defenses of LIAN, and nine of Cromer, be stricken.

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

---

[1]In their opposition papers, Defendant LIAN withdrew the statute of limitations affirmative defense.

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

The court has reviewed the parties' submissions and concludes that numerous issues of fact exist that preclude the entry of partial summary judgment with respect to Defendants' affirmative defenses. These issues of fact include, *inter alia,* what duties, if any, were owed and/or breached; the conditions underlying the Appraisal; the circumstances surrounding the issuance of the loan and whether there was contributory negligence; whether a contract exists between these parties, if so, whether it was breached; and, whether the Plaintiff mitigated its damages. Accordingly, Plaintiff's motion for partial summary judgment is denied. See Fed. R. Civ. P. 56(c) (a party seeking summary judgment must demonstrate that "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Reiseck v. Universal Communications of

Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).[2]

The Clerk of the Court is directed to deny Plaintiff's motion for partial summary judgment in its entirety. Counsel is directed to appear in Courtroom 940 for jury selection in this matter on April 1, 2013 at 9 am.

SO ORDERED.

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 6, 2013

---

[2] Defendants argue Plaintiff's motion is more accurately styled as a motion to strike a pleading under the Federal Rules of Civil Procedure, Rule 12(f). Even when timely, a motion to strike an affirmative defense "is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of defense." William Z. Salcher, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 938 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986). (quotations omitted). To the extent Plaintiff makes this motion under Rule 12(f), because various issues of fact exist as cited above, the motion is denied.